NEWMEYER & DILLION LLP
RYAN M. MANNING, CBN 208648
MANOOSH SHAKIB, CBN 228609
895 Dove Street, 5th Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

ryan.manning@ndlf.com
manoosh.shakib@ndlf.com

Attorneys for Defendant
Home Depot U.S.A. Inc. dba Expo Design Center

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CYNTHIA S. HICKS, JOHN R. SOMMER,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HOME DEPOT, INC., doing business as EXPO DESIGN CENTER,<br><br>Defendant. | CASE NO.: SACV07-01061 AHS (MLGx)<br><br>**PROTECTIVE ORDER** |

Based upon the stipulation of the parties, and good cause appearing, IT IS ORDERED as follows:

1. Any party to this action or third party that, in discovery, or in response to requests from another party in lieu of or in addition to discovery, produces or discloses any item of discovery, including, without limitation, any document, thing, interrogatory answer, deposition testimony, or admission, may designate the same as "CONFIDENTIAL" where it is believed in good faith the information contains trade secrets, personal information, competitively sensitive information, proprietary or otherwise confidential information that may be the subject of a protective order under Rule 26 of the Federal Rules of Civil Procedure.

1169100.1

2.  The designation of protected information that exists in tangible form shall be made by visibly marking the item as "CONFIDENTIAL." Protected information that exists in a form that cannot readily be marked in a visible fashion shall be specifically identified, when produced, in correspondence by the producing party's counsel. In the event the producing party elects to produce original files and records for inspection, and the inspecting party desires to inspect these files and records, no markings need be made by the producing party in advance of the initial inspection. All documents within the produced files and records shall be considered marked as "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of the documents containing confidential materials as "CONFIDENTIAL" prior to producing the copies.

3.  Information marked or designated as "CONFIDENTIAL" shall not be used by any recipient or disclosed by anyone for any purpose other than in connection with the prosecution or defense of this action, and shall not be disclosed by the recipient to anyone other than those persons designated in Paragraph 4, unless and until the restrictions herein are removed either by agreement of counsel for all the parties or by order of the Court.

4.  Only the following persons may be allowed access to information designated as "CONFIDENTIAL":

    (a)  Parties to this action and their counsel of record;

    (b)  The Court, its staff, and court reporter(s);

    (c)  Outside litigation counsel of record in this action, and legal associates, paralegal assistants, clerical staff, data processing staff, and secretaries employed by or under contract with such outside counsel and actively engaged in assisting such counsel with respect to this action;

  (d) Subject to the procedures mandated in Paragraph 5 below, independent experts, litigation consultants employed by counsel of record, and fact witnesses whom counsel reasonably believe may be called by any party to this action to testify at the trial of this action; and

  (e) Employees, officers, and directors of any party whose access to the information is necessary to the prosecution or defense of this lawsuit.

  5. Unless otherwise agreed by counsel for all parties in a written agreement or on the record in a deposition, no person described in Paragraph 4(d) shall be granted access to "CONFIDENTIAL" information until that person has received and read a copy of this Protective Order and has agreed in writing to be bound hereby by signing a copy of the Acknowledgment in the form attached as Exhibit "A" hereto. The original of each executed Acknowledgment shall be maintained by the counsel of record who provides or discloses "CONFIDENTIAL" information to any person described in Paragraph 4(d).

  6. The disclosure or production of any document or other information shall be without prejudice to, and without waiver of, any claim that the document or information is protected from disclosure, production, or admission into evidence by the work product doctrine, the attorney-client privilege, or any other privilege, immunity, or ground that protects the document or information from disclosure, production, or admission into evidence. If any party discloses or produces any document or information that may arguably be protected by any privilege, doctrine, immunity, or other legal ground, the disclosing or producing party shall, within ten (10) court days of the discovery of the inadvertent disclosure or production, notify the receiving parties that it is asserting the privilege or doctrine. If the receiving and producing parties dispute whether the document is actually protected by a

privilege, immunity, doctrine, or other legal ground, they shall follow the procedures as outlined in paragraph 8.

7. Nothing herein shall restrict a party's use or disclosure of material obtained by the party independent of formal discovery, whether or not the material is also obtained through formal discovery.

8. Any party may object orally or in writing to the designation of material as "CONFIDENTIAL" or to the assertion of a privilege or other protection concerning a document or information. The following procedure shall apply to the resolution of any such objection:

    (a) The oral or written objection must identify the particular information that the receiving party believes should not be treated in accordance with its "CONFIDENTIAL" designation and/or should not be privileged or otherwise protected;

    (b) Counsel for the parties must confer as soon as possible after an objection is made under Paragraph 8(a), but no later than five (5) court days after the objection is served upon or communicated to the producing party, in an effort to resolve the dispute without the necessity of a hearing before the Court;

    (c) If the objection is not resolved, the party receiving the information may make a motion to the Court to challenge the designation of confidentiality or assertion of privilege or other protection. The content of such motion shall consist of an identification of the information subject to the dispute and a summary of the reasons for the objection;

    (d) Any opposition to the motion must be filed with the Court in accordance with its procedures;

    (e) Any reply in support of the motion must be filed with the Court in accordance with its procedures; and

- 4 -

    (f)  The information that is the subject of the motion shall be treated in accordance with its designated "CONFIDENTIAL" status or its asserted privileged or protected status pending resolution of the motion.

  9.  In the event documents or other information designated as "CONFIDENTIAL" are to be presented to the Court, any pleadings, motions, or other papers filed with or submitted to the Court disclosing any "CONFIDENTIAL" information shall be filed under seal until further order of the Court. Where possible, only "CONFIDENTIAL" portions of filings with the Court shall be filed under seal.

  10.  Upon final termination of this action, including all proceedings for the judicial enforcement of any award and the exhaustion of all appeals, all information designated or marked as "CONFIDENTIAL" that is furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, shall be (1) delivered to counsel for the designating party or (2) destroyed. Papers filed with the Court under seal shall remain under seal unless the Court, for good cause shown, otherwise directs. The parties' outside counsel may maintain copies of pleadings filed in this action that contain information designated under this Order; provided, however, that the restrictions on use and access in this Order shall continue to remain in place with respect to the pleadings and work product, unless the parties otherwise agree in writing.

  11.  This Protective Order shall remain in full force and effect unless modified by an order of the Court or by the written stipulation of all parties filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this action.

  12.  Any documents or information produced in this action by a party or third party prior to the date of this Order, through formal discovery or through other

requests from another party in lieu of or in addition to formal discovery, shall be subject to this Order. A party or third party may designate any previously produced documents or information as "CONFIDENTIAL" consistent with the terms of this Protective Order.

Dated this 25th day of January, 2008.

BY THE COURT

_____
Honorable Marc L. Goldman
United States Magistrate Judge